IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANNA ADAMO,<br><br>    Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, *et al.*,<br><br>    Defendants. | Case No. CIV-25-476-D<br><br>(Case Remanded to Oklahoma County District Court, CJ-25-01844) |

# ORDER

Before the Court is Plaintiff Janna Adamo's Amended Motion to Remand [Doc. No. 16]. Defendant State Farm Fire and Casualty Company ("State Farm") filed a response [Doc. No. 18], to which Plaintiff filed a reply [Doc. No. 19]. The matter is fully briefed and at issue.

## BACKGROUND

Plaintiff purchased a State Farm Replacement Cost Value insurance policy ("the Policy") through her agent, Defendant Brittanie Portillo McCoy ("Ms. McCoy") and her company Defendant Brittanie Portillo Insurance Agency, Inc. ("BPIAI") to provide coverage for the property located in Tulsa County, Oklahoma that Plaintiff owned. [Doc. No. 1-4, at p. 7]. When the Policy was purchased State Farm's underwriting department conducted an inspection of the property. [Doc. No. 18, at p. 11], [Doc. No. 1-17].

On or about August 13, 2024, the property was damaged by a storm. [Doc. No. 1-4, at p. 7]. The Policy was in force and effect at the time of the storm. *Id.* at p. 7 & 22. Following the storm, Plaintiff filed a claim under the Policy for damage to the property. *Id.*

1

at p. 7 & 20. On September 20, 2023, State Farm sent an adjuster to the property to inspect it. *Id.* at p. 21, [Doc. No. 18-2, at p. 3]. The adjuster determined that there was damage to the property's roof vents, rain caps, gutters, and fences. [Doc. No. 1-4, at p. 21], [Doc. No. 18-4, at p. 7]. On November 8, 2023, Plaintiff's roofing contractor inspected the property and determined it sustained extensive damage, which resulted in the need for a full roof replacement. [Doc. No. 1-4, at p. 21].

On December 29, 2023, State Farm denied Plaintiff's request for a roof replacement finding that "there was no accidental direct physical loss to the shingles." [Doc. No. 18-4, at p. 2]. In support of its determination that "no payment can be issued for the non-covered damage found" State Farm provided Plaintiff with the "Losses Not Insured" section of the policy identifying "wear, tear, decay, marring, scratching, deterioration, inherent vice, latent defect, or mechanical breakdown" as a basis for the denial. *Id.* at p. 3. State Farm estimated that it would cost $2,860.66 to repair the covered damage. *Id.* at p. 6, [Doc. No. 1-4, at p. 21].

Plaintiff filed this action in state court alleging that State Farm wrongfully denied her insurance claim for the damage. [Doc. No. 1-4]. In addition to Plaintiff's claims against State Farm, she also asserted claims against Ms. McCoy and BPIAI for fraudulent concealment, negligent procurement of insurance, constructive fraud, and negligent misrepresentation. *Id*.

State Farm timely removed the case to this Court on April 30, 2025. [Doc. No. 1]. In its notice of removal, State Farm alleges that complete diversity exists under 28 U.S.C. § 1332, and the amount in controversy exceeds the threshold for diversity jurisdiction. *Id*.

Although Ms. McCoy and BPIAI are non-diverse parties, State Farm contends that Ms. McCoy and BPIAI were fraudulently joined by Plaintiff to defeat diversity jurisdiction. [Doc. No. 1], [Doc. No. 18].

On May 30, 2025, Plaintiff filed her motion to remand, and was granted leave to file an Amended Motion to Remand, which is the instant Motion, arguing that State Farm cannot meet its "heavy burden" to show fraudulent joinder. [Doc. No. 16].

## STANDARD OF DECISION

Subject-matter jurisdiction over this case turns on the issue of fraudulent joinder. "To establish fraudulent joinder, the removing party must demonstrate either: 1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (internal quotation omitted). As the removing party, State Farm must establish that federal jurisdiction exists. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008).

"Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citation omitted). To satisfy the "heavy burden," the party asserting fraudulent joinder must show under the "actual fraud" prong that the plaintiff essentially "lied in the pleadings." *Sanelli v. Farmers Ins. Co., Inc.*, No. CIV-23-263-SLP, 2023 WL 3775177, at *2 (W.D. Okla. June 2, 2023) (internal quotation omitted). Under the "inability to establish a cause of action" prong, the party asserting fraudulent joinder must show that there is no possibility that the plaintiff would be able to establish a cause of action against the

3

purportedly fraudulently joined party in state court. *See Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000) (unpublished)[1] (internal quotations and citation omitted); *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (citation omitted) ("[T]he removing party must show that the plaintiff has 'no cause of action' against the fraudulently joined defendant.").

"[U]pon specific allegations of fraudulent joinder the court may pierce the pleadings, ... consider the entire record, and determine the basis of joinder *by any means available*." *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) (emphasis added) (citations omitted); *see also Smoot v. Chicago, R.I. & P. R. Co.*, 378 F.2d 879, 881-82 (10th Cir. 1967). The Court may not, however, "pre-try . . . doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Smoot*, 378 F.2d at 882. "This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6)." *Montano*, 2000 WL 525592, at *2. "[A]ll factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988.

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that when she was seeking to purchase insurance, she contacted Ms. McCoy/BPIAI to obtain full replacement cost homeowners insurance coverage from State Farm. [Doc. No. 1-4, at p. 13, ¶ 25(a)]. She asserts that she requested Ms. McCoy/BPIAI obtain a replacement cost policy that would provide coverage for the insured property in

---

[1] Unpublished opinions are cited pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

the event of a loss. *Id.* In procuring the Policy, Ms. McCoy/BPIAI "independently established, calculated, and set the Policy's replacement cost value and resultant policy coverage limits" and "insured the Insured Property to 100% of its alleged replacement cost value." *Id.* at p. 14, ¶ 25(c).

Plaintiff alleges that prior to issuing the Policy that Defendants did not conduct or procure an inspection of the property. *Id.* at p. 13-14, ¶ 26. Plaintiff also asserts that Ms. McCoy/BPIAI did not verify the condition of the roof; did not disclose to Plaintiff that her property was ineligible for the requested replacement cost coverage for any reason; did not advise her that her property had any pre-existing damage that would exclude it from replacement cost coverage; did not inform her of any condition that would exclude the property's roof from full replacement cost coverage; and did not disclose to her that the replacement cost value calculated for the property did not in fact represent 100% insurance to value. *Id.*

Plaintiff asserts that State Farm's denial of her claim is part of State Farm's systematic and pervasive scheme throughout Oklahoma, whereby State Farm wrongfully denies its insureds' claims for damage to their covered property caused by wind and/or hail. *Id.* at p. 3, ¶ 3. The scheme includes State Farm's adjusters attributing wind and/or hail damage to a non-covered loss such as "wear and tear," "pre-existing damage," or a "manufacturer defect." *Id.* at p. 19, ¶ 36. State Farm utilizes agents and, in this case, Ms. McCoy/BPIAI, to represent to the insured that "the property to be insured meets State Farm's underwriting requirements for the coverage bound" and "the replacement cost value (and resultant coverage limit) State Farm's agent calculated for the insured is accurate." *Id.*

at p. 3-4, ¶ 4(a). State Farm's agent then "fail[s] to disclose . . . material information about State Farm's Scheme," to the insured to include that State Farm "uses a very narrow and limited definition of what constitutes hail damage that is not contained in the insured's policy." *Id.* at p. 4, ¶ 4(b).

For their negligent procurement claim against Ms. McCoy/BPIAI, Plaintiff alleges that Ms. McCoy/BPIAIA knowingly procured and renewed: illusory coverage; coverage deviating substantially and materially from that which Plaintiff requested; a policy that did not accurately reflect the replacement cost of the property; and a policy that, as written, did not provide coverage to fully restore the insured property back to its pre-loss condition. *Id.* at p. 28, ¶ 63(a). Plaintiff further alleges in part that Ms. McCoy/BPIAI failed to: abide by State Farm's underwriting policies and procedures; confirm the accuracy of the replacement cost value; disclose pre-existing damage to the property; verify whether their inherent representation that the property was in good condition was accurate, disclose all material facts of State Farm's alleged scheme; and procure and renew a policy that provided the coverage requested by Plaintiff. *Id.* at p. 28-29, ¶ 63(b).

## DISCUSSION

### I.  Inability to State Cause of Action— Negligent Procurement

Under Oklahoma law, "[a]n agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Kutz v. State Farm Fire & Cas. Co.*, 2008 OK CIV APP 60, ¶ 16, 189 P.3d 740, 744-45 (citation and emphasis omitted). To that end, agents must "offer coverage

6

mandated by law and coverage for needs that are disclosed by the insureds...." *Rotan v. Farmers Ins. Grp. of Companies, Inc.*, 2004 OK CIV APP 11, ¶ 3, 83 P.3d 894, 895.

Upon careful consideration of the record, the Court finds that State Farm has not met its heavy burden to show – with complete certainty – that Plaintiff cannot state a negligent procurement claim against Ms. McCoy/BPIAI in state court.[2] *See Oliver v. State Farm Fire & Cas. Co.*, No. CIV-24-789-SLP, 2025 WL 457112, at *2-3 (remanding case involving negligent procurement claim where the plaintiff alleged in part that "State Farm's denial was contrary to the [agents'] representations that all underwriting requirements had been met and that there were no preexisting issues with the roof that would limit or restrict coverage"); *see also Ross v. State Farm Fire & Cas. Co.*, No. CIV-23-189-JD, 2024 WL 1092540, at *2-3 (W.D. Okla. Mar. 13, 2024) (remanding case involving negligent procurement claim where the insurance agent allegedly told the insured that their home was in good condition, without preexisting issues, despite State Farm later denying the insured's claim on that basis); *see also Kyger v. State Farm Fire & Cas. Co.*, 649 F. Supp. 3d 1200, 1202 & 1206 (W.D. Okla. 2022) (remanding negligent procurement claim where the plaintiff alleged that "she requested from [her agent] 'full replacement cost coverage for her roof' which was not procured as promised, ... that [the agent] represented that 'there was nothing about the condition of the roof that would preclude full replacement[,]'" and

---

[2] Given this determination, the Court need not address Plaintiff's fraud and constructive fraud claims against Ms. McCoy/BPIAI. *See Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (unpublished) (explaining that a fraudulent joinder analysis turns on "whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant.").

7

that the agent's representation was "inconsistent with State Farm's denial of her claim because the hail damage '[did] not penetrate the shingle mat.'").

State Farm cites to this Court's decision, *Rain Drop Found., Inc. v. State Farm Fire & Cas. Co.*, No. CIV-24-1101-D, 2025 WL 582562 (W.D. Okla. Feb. 21, 2025). However, *Rain Drop* is distinguishable from this case. In *Rain Drop*, the Court found that the agent could not be liable for negligent procurement of the insurance policy.[3] *Id.* at *4. In support of its finding, the Court distinguished *Rain Drop* from other cases in which it was alleged that 1) the insurer denied the claim in part due to preexisting damage; and 2) the "insurance agent had allegedly underwritten the policy and may have, through negligence or constructive fraud, failed to communicate the consequences of the preexisting damage." *Id*. Here, Plaintiff alleged both.

Moreover, this matter is also distinguishable from the Court's recent order in *Stone v. State Farm Fire & Cas. Co.*, No. CIV-25-7-D, Doc. No. 25 (W.D. Okla. Aug. 20, 2025). In *Stone*, the Court denied the plaintiff's motion to remand because the defendant had established fraudulent joinder. *Id.* In denying the plaintiff's motion to remand, the Court found that the plaintiff's following three overarching allegations lacked a basis in fact:

> (1) State Farm and the agents failed to "inspect[] the Insured Property" or "procure[] such an inspection from a third party[;] (2) the agents failed to

---

[3] In *Rain Drop*, the Court also, in part, based its denial of remand on actual fraud in the plaintiff's allegations. Specifically, the plaintiff alleged that its agent represented that damaged shingles would be replaced in conformance with the manufacturing specifications and "further explained this was true because the Policy term, 'similar construction' guaranteed replacement with identical or near identical equivalents of quality." *Id.* at *3. However, the term "similar construction" did not appear in the plaintiff's policy, "lending credence to the possibility that there [was] no good faith basis by which to allege" that the agent had represented or explained "similar construction." *Id.*

8

> "undertake [an accurate] calculation of replacement cost [coverage] for the insured[;]" and (3) Plaintiff suffered a loss because State Farm later "misattribute[d] damage to non-covered causes" such as "wear and tear, pre-existing damage, or manufacturer defect."

*Id.* at 6. Indeed, the Court found that contrary to the plaintiff's assertion the defendant did inspect the property prior to issuing the policy. *Id.* at 6-7. Moreover, as to the plaintiff's second argument the Court found it as either false or irrelevant as the plaintiff admitted the contested policy provided adequate coverage. *Id.* at 7-8. Additionally, the Court found the plaintiff's third argument was unsupported by the defendant insurer's denial of coverage letter. *Id.* at 9.

Here, Plaintiff makes the same three overarching arguments as the plaintiff in *Stone*. Like in *Stone*, the Court finds that Plaintiff misrepresented that no inspection was conducted prior to the issuance of the policy. *Compare* [Doc. No. 1-4, at p. 14-16, ¶ 26] *with* [Doc. No. 1-17]. However, unlike *Stone*, State Farm has failed to prove with complete certainty that State Farm's denial was not in reliance on pre-existing damage and the agent's negligent performance of procurement duties. In fact, unlike in *Stone*, State Farm's denial of coverage letter identifies "wear, tear, decay, marring, scratching, deterioration, inherent vice, latent defect, or mechanical breakdown" as a basis for its denial. [Doc. No. 18-4, at p. 3]. Thus, although an inspection of the property was conducted prior to the issuance of the policy, the Court finds this matter is more similar to *Pruitt v. State Farm Fire & Cas. Co.*, No. CIV-25-43-D, 2025 WL 1030353 (W.D. Okla. Apr. 7, 2025), in which the Court granted the plaintiff's motion for remand.

9

In *Pruitt*, the Court granted the plaintiff's motion for remand and based its determination largely on the plaintiff's assertion that the defendant insurer's denial was in reliance on pre-existing damage, the defendant agent's negligent performance of his procurement duties, and the defendant's failure to show with certainty otherwise. *Id.* at *4. The Court in *Pruitt* was not provided with a claim denial letter or other sufficient evidence to analyze the credulity of the plaintiff's assertion that the defendant insurer denied the plaintiff's claim on the basis of pre-existing damage. *Id.* at *1-5. Thus, construing the issues of fact in the plaintiff's favor without pre-trying them, the Court found that the defendant insurer did not carry its heavy burden to show with complete certainty that the plaintiff could not state a negligent procurement claim against the defendant insurance agent. *Id.*

Here, Plaintiff contends that pre-existing damage was the basis for State Farm's policy denial, and State Farm's denial letter identifies non-covered/pre-existing damage as a basis for its denial. Further, Plaintiff alleges that Ms. McCoy/BPIAI were negligent in performing their procurement duties. Thus, the Court finds that this case is less analogous to *Rain Drop* and *Stone*, and more analogous to *Pruitt*, *Kyger* and *Oliver*, cited above. Upon careful consideration of Plaintiff's allegations, and construing factual issues in favor of her, the Court finds State Farm has failed to show with complete certainty that Plaintiff cannot establish a negligent procurement claim against Ms. McCoy/BPIAI in state court. Accordingly, State Farm has not met its "heavy burden" to establish fraudulent joinder.

## II. Actual Fraud in the Pleading of Jurisdictional Facts

As stated above, to show actual fraud in the pleading of jurisdictional facts "basically requires a showing that plaintiff lied in the pleadings." *Sanelli*, 2023 WL

10

3775177, at *2. In its notice of removal, State Farm contends that Plaintiff has engaged in fraud in the pleading of jurisdictional facts. In support, State Farm primarily argues that Plaintiff's counsel has brought an increasing number of cases against State Farm and other insurers based on identical underwriting failures, and that this is indicative of fraud.

As State Farm is likely aware, several judges in this district have found that allegations of cookie-cutter complaints are, alone, insufficient to establish fraudulent joinder. *See Norman v. State Farm Fire & Cas. Co.*, 764 F. Supp. 3d 1100, 1104-05 (W.D. Okla. 2025) ("[T]he [c]ourt is not persuaded that the similarity in the allegations or the number of cases filed by [p]laintiffs' counsel is necessarily suggestive of fraud in this action. Moreover, as [p]laintiffs note, the [p]etition alleges that the agents are an essential component of State Farm's scheme to wrongfully deny claims, and some similarity in statements or conduct is therefore conceivable."); *Stacy v. State Farm Fire & Cas. Co.*, No. CIV-22-883-PRW, 2023 WL 11915451, at * 2 (W.D. Okla. Dec. 29, 2023) (granting remand in the face of an "apparent pattern of 'cookie cutter' petitions"); *Pruitt*, 2025 WL 1030353, at *4 ("The Court is not persuaded that the sheer quantity of similar claims alleged against insurance agents is enough to satisfy the high burden necessary to prove fraudulent joinder.") (quotation and citation omitted); *Martin v. Allstate Vehicle & Prop., Ins. Co.*, No. CIV-23-739-SLP, 2024 WL 3510301, at *2 (W.D. Okla. July 23, 2024) ("[T]his [c]ourt, and multiple other federal district courts within the state of Oklahoma have rejected claims of fraudulent joinder on substantially similar allegations made in support of virtually identical claims for relief.").

Upon consideration, the Court finds that State Farm has not met its high burden to show actual fraud in the pleading of jurisdictional facts based on the growing number of similar allegations against State Farm and other insurers. The Court further finds that State Farm's remaining examples of actual fraud – to include State Farm's argument that Plaintiff has failed to allege how the agents are involved in the alleged insurance scheme – instead speak to the merits of Plaintiff's underlying claims, not whether Plaintiff committed actual fraud in the pleadings. Accordingly, the Court finds that State Farm has insufficiently demonstrated actual fraud in the pleading of jurisdictional facts for purposes of fraudulent joinder.

## CONCLUSION

For the reasons stated herein, the Court finds that State Farm has not established fraudulent joinder, and the Court lacks subject-matter jurisdiction.

**IT IS THEREFORE ORDERED** that Plaintiff's Amended Motion to Remand [Doc. No. 16] is **GRANTED**, and the case is **REMANDED** to the District Court of Oklahoma County, Oklahoma. The Clerk of Court shall mail a certified copy of this Order to the clerk of the District Court of Oklahoma County. Each side shall bear their own attorneys' fees, costs, and expenses incurred as a result of the removal and remand.

**IT IS SO ORDERED** this 24th day of October, 2025.

TIMOTHY D. DeGIUSTI
Chief United States District Judge